**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**ROCKHILL INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                   **No. 1:18-cv-01050**
                                           **JURY DEMANDED**

**J.M. DRILLING, LLC,**

      **Defendant.**

---

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER OR STAY ROCKHILL'S DECLARATORY ACTION

---

COMES NOW the Defendant, J.M. Drilling, LLC, ("J.M. Drilling"), and submits the following Memorandum in Support of its Motion to Dismiss, or in the Alternative to Transfer or Stay Rockhill's Declaratory Action:

### FACTS AND PROCEDURAL HISTORY

*The Underlying Thibodeaux Personal Injury Case*

This declaratory judgment action arises out of a Louisiana personal injury case.  In that case, John and Amy Thibodeaux, individually and on behalf of their minor daughter, Gabrielle Thibodeaux, and Emily Thibodeaux (the "Underlying Thibodeaux Plaintiffs") filed suit against J.M. Drilling and others as a result of injuries allegedly sustained to John Thibodeaux during a work-related accident.  (D.E. 2, ¶ 9).  The personal injury case was filed in the 15th Judicial Court for the Parish of Lafayette, Louisiana in a lawsuit bearing the style, *John Thibodeaux and Amy Thibodeaux, Individually, and on the Behalf of their Minor Daughter, Gabrielle Thibodeaux, and Emily Thibdeaux v. Gulfgate Construction, LLC, Milton Water System, Inc., and Water &*

*Wastewater Utilities, Inc. aEx Fnd J.M. Drilling, LLC,* Case No. 2015-4167) ("the Underlying Thibodeaux Lawsuit"). (D.E. 2, ¶ 9). The Underlying Thibodeaux lawsuit was originally filed on August 24, 2015 and was amended several times. (D.E. 2, ¶¶ 9-14). In January 2017, all defendants in the Underlying Thibodeaux Lawsuit were dismissed via Motions for Summary Judgment, leaving J.M. Drilling as the sole defendant.

On March 21, 2018, the Louisiana state court granted the Underlying Thibodeaux Plaintiffs' Partial Motion for Summary Judgment on Liability and also granted a motion in limine which effectively found no comparative fault against John Thibodeaux (D.E. ¶ 2-8). In granting summary judgment against J.M. Drilling, the Louisiana state court judge found J.M. Drilling at fault, leaving only the issue of damages for trial. (D.E. 2, ¶¶ 31-34; D.E. 2-8). A jury trial was held in the Underlying Thibodeaux Action on March 26-29, 2018, and the jury returned a verdict in favor of the Underlying Thibodeaux Plaintiffs in the amount of $3,698,118. (*See* Jury Verdict Form, attached as Exhibit "A"). On April 6, 2018, the Louisiana state court entered a Judgment against J.M. Drilling for the amounts awarded by the jury. (*See* Judgment, attached as Exhibit "B"). Further, the Louisiana state court entered judgment in favor of Bellsouth Communications, LLC ("Bellsouth"), Intervenor, against J.M. Drilling for the amount of worker's compensation benefits paid to John Thibodeaux through the date of the jury trial. *Id.*

<u>The J.M. Drilling Insurance Policies</u>

Admiral Insurance Company ("Admiral") was J.M. Drilling's primary commercial liability insurer, with limits of $1,000,000.00. (*See* Admiral policy attached as Exhibit "C"). Admiral accepted coverage for the allegations in the Underlying Thibodeaux Lawsuit, and retained Melvin Eiden of the law firm Rabalais & Hebert in Lafayette, Louisiana to defend its insured, J.M. Drilling. J.M. Drilling's excess insurer was Rockhill Insurance Company ("Rockhill"). (D.E. 2,

¶ 35).  Rockhill's commercial follow form excess insurance policy had limits of $5,000,000.00.  (D.E. 2, ¶ 9; D.E. 2-8).  The Rockhill excess policy specifically lists Admiral as the underlying primary insurer in the Schedule of Underlying Insurance. (D.E. 2-9, p. 11).

_The Rockhill Declaratory Judgment Action_

On March 26, 2018, Rockhill filed the instant declaratory judgment action against J.M. Drilling, seeking a declaration that Rockhill has no duty to defend and indemnify any party for any of the claims asserted in the Underlying Thibodeaux Lawsuit.  (D.E. 2, p. 12).   The action was brought by Rockhill under the Federal Declaratory Judgment Act. (D.E. 2, ¶ 3).  The only parties to this suit are obviously Rockhill and JM Drilling.

_The Louisiana Federal Court Action_

On April 12, 2018, the Underlying Thibodeaux Plaintiffs filed a separate declaratory judgment action in the United States District Court for the Western District of Louisiana, Lafayette Division, Civil Action No. 6:18-00501 (the "Louisiana Federal Action").  In the Louisiana Federal Action, the Underlying Thibodeaux Plaintiffs named all necessary parties as defendants, including J.M. Drilling, LLC, Admiral Insurance Company, Rockhill Insurance Company, and Bellsouth Telecommunications, LLC.  (_See_ Louisiana Complaint for Declaratory Judgment, attached as Ex. "D").  Rockhill has filed a Motion to Transfer the Louisiana Federal Action to this Court, which is opposed by the Underlying Thibodeaux Plaintiffs, JM Drilling, and Bellsouth.  (_See_ Rockhill's Motion to Transfer and opposition briefs, attached hereto as collective Ex. "E").  Notably, in the Louisiana Federal Action, J.M. Drilling has filed a Cross-Claim against Rockhill for breach of contract and bad faith, thus both declaratory and coercive claims exist in that case.  (_See_ J.M. Drilling's Answer and Cross-Claim in Louisiana Federal Action, attached as Exhibit "F")

## LAW AND ARGUMENT

The Court should dismiss this action because the Underlying Thibodeaux Plaintiffs are necessary and indispensable parties who have not been joined in this case (and cannot be because of this Court's lack of personal jurisdiction over them).  Even if the Court could fashion relief that did not involve the Underlying Thibodeaux Plaintiffs, the Court should decline to exercise its discretionary jurisdiction over this declaratory judgment case in light of the coercive Louisiana Federal Action pending in the Western District of Louisiana in which all proper parties have been joined.  Finally, in the alternative of dismissal, J.M. Drilling requests that this case be stayed or transferred to the Western District of Louisiana.

### A. **Rockhill's Complaint for a Declaratory Judgment Should be Dismissed for Failure to Join an Indispensable and Necessary Party.**

This action should be dismissed because Rockhill failed to join necessary and indispensable parties, namely the Underlying Thibodeaux Plaintiffs and Bellsouth (the workers compensation carrier that intervened in the Underlying Thibodeaux Action).  A motion to dismiss under Rule 12(b)(7) is to be read together with Rule 19.  *Northfield Ins. Co. v. Isles of June Consulting, Ltd.*, 2001 U.S. Dist. LEXIS 26928, *5 (M.D. Tenn. Sept. 7, 2001). The "resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process." *Keweenaw Bay Indian Community v. Michigan, 11 F.3d 1341, 1345 (6th Cir. 1993)*; *Northfield Ins. Co.,* 2001 U.S. Dist. LEXIS 26928, at *5-6 (M.D. Tenn. Sep. 5, 2001).   First, the Court must consider, under Rule 19(a), whether a party is necessary to the action.  If so, the party should be joined, pending the Court's consideration of personal jurisdiction and the indispensability of the party.  *Northfield Ins. Co.,* 2001 U.S. Dist. LEXIS 26928, at *6 (citing *The Scotts Co. v. Central Garden & Pet Co*., 2001 WL 506485, *2

4

(S.D. Ohio 2001)). Second, the Court shall consider personal jurisdiction. If there is personal jurisdiction over the necessary party, the party shall be joined. Third, if there is no personal jurisdiction over the necessary party, the Court shall determine "whether the Court may proceed without the absent party, or, to the contrary, must dismiss the case due to the indispensability of that party." *Smith v. United Bd. of Carpenters and Joiners of Am.,* 685 F.2d 164, 166 (6th Cir. 1982); *Northfield Ins. Co.,* 2001 U.S. Dist. LEXIS 26928, at *6.

Rule 19(b) sets forth four factors for determining the indispensability of a party.  First, the Court should consider to what extent a judgment rendered in the person's absence might be prejudicial to that person or the existing parties.  Second, the Court should weigh the extent to which the prejudice could be lessened or avoided by protective provisions in the judgment, the shaping of relief, or other measures.  Third, courts must decide whether a judgment rendered in the person's absence will be adequate.  Finally, courts must consider whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

 When deciding whether a party is necessary and then indispensable, the United States Supreme Court has directed courts to consider the practical potential for prejudice within the context of the factual setting in which a case arises. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968); *Continental Cas. Co. v. Taco Bell Corp.*, 127 F. Supp.2d 864, 867 (W.D. Mich. 2001).

A claimant in the Underlying Thibodeaux Plaintiffs' position generally is a necessary party in a declaratory judgment action brought to determine insurance coverage for the claim. *See Md. Cas. Co. v. Pac Coal & Oil Co.,* 312 U.S. 270, 274 (1941); *Fed. Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 354 n.5 (3rd Cir. 1986) ("[I]n a declaratory judgment proceeding involving an [insurance] policy, an injured person is a 'necessary and proper' party.") (citation omitted); *Ranger Ins. Co. v.*

*United Housing of New Mexico, Inc.*, 488 F.2d 682, 684 (5th Cir. 1974); *American Safety Cas. Ins. Co. v. Condor Ass., Ltd.*, 129 Fed. App'x. 540, 542 (11th Cir. 2005); *Allstate Prop. and Cas. Ins. Co. v. Cogar*, 945 F. Supp.2d 681 n. 2 (N.D. W. Va. May 13, 2013); *Star Ins. Co. v.Treible's Wrecker Service, Inc.*  2012 U.S. Dist. LEXIS 86923 (M.D. Pa. June 22, 2012) (stating this rule is well settled in the Third Circuit); *Greenberg v. Fireman's Fund Ins. Co.,* 2007 U.S. Dist. LEXIS 86621 (D. Ariz. Nov. 16, 2007) (finding that claimant was a necessary party); *United States Fire Ins. Co. v. Milton Co.,* 938 F. Supp. 56, 57 (D.D.C. 1996) ("It is clear that an injured party is a necessary party in a declaratory judgment action brought to test the coverage of an insurance policy."); *Georgia-Pacific Corp. v. Sentry Select Ins. Co.,* 2006 U.S. Dist. LEXIS 33975, at *26, (S.D. Ill. May 26, 2006) ("[W]hen dealing with an issue of insurance coverage, the underlying claimants are necessary parties, whether the declaratory judgment action is filed by the insured or the insurer."); *Ranger Ins. Co. v. Events*, 20014 U.S. Dist. LEXIS 17998, *5 (E.D. La. Sept. 8, 2004) (concluding that claimants seeking damages against an insured were indispensable parties under Rule 19(a) to a declaratory judgment action brought by the insurer against the insured and seeking to establish policy coverage provisions); *Alonzo v. State*, 2002 U.S. Dist. LEXIS 22700 (E.D. La. Nov. 21, 2002); *U.S. Fidelity & Guar. Co. v. Ditoro,* 206 F. Supp. 528, 532-33 (M.D. Pa. 1962) (the injured party is "a necessary and proper party because the injured party has a material interest in the outcome of the suit").

A decision in this case that coverage does not exist under the Rockhill policy would affect the Underlying Thibodeaux Plaintiffs' ability to recover on the judgment against JM Drilling.  The outcome in this case could also be inconsistent with the outcome of the Louisiana Federal Action, which involves the same coverage issues and in which the Underlying Thibodeaux Plaintiffs and Bellsouth are parties.  The Underlying Thibodeaux Plaintiffs are necessary parties under Rule

19(a) both because they have an interest relating to the subject of this suit and their absence may, as a practical matter, impair their ability to protect that interest, and because their absence subjects JM Drilling and Rockhill to inconsistent judgment in the two competing actions that concern coverage of the Rockhill policy.  Fed. R. Civ. P. 19(a)(2); *Ranger Ins. Co. v. United Housing of N.M., Inc.*, 488 F.2d 682, 683 & n.3 (5th Cir. 1974 (finding "nonsensical" the insured's argument that a declaration regarding coverage would have no practical effect upon the injured party given the possibility of the injured party obtaining a judgment against the insureds); *Am. Standard Ins. Co. of Wis. v. Rogers*, 123 F. Supp.2d 461, 467 (S.D. Ind. 2000) (an injured party is a "person needed for just adjudication" as described in Rule 19" in a declaratory judgment action arising from an occurrence between the insured and injured party).

Because the Underlying Thibodeaux Plaintiffs are necessary parties, the Court is required to join them as a party if feasible.  Fed. R. Civ. P. 19(a).  Such joinder is not feasible here because the Court will have no personal jurisdiction over the Underlying Thibodeaux Plaintiffs. Specifically, the Underlying Thibodeaux Plaintiffs are life-long residents of Louisiana, own no property in Tennessee, have never conducted any type of business in Tennessee, have never been to Tennessee, and have no regular contacts within the state of Tennessee.  (*See* Affidavit of John Thibodeaux, attached as Ex. G).  Without personal jurisdiction, it is impossible to fashion appropriate relief that will not result in the possibility of inconsistent verdicts.

After concluding that the joinder of the Underlying Thibodeaux Plaintiffs is not feasible, the Court must then determine whether they are indispensable parties under Rule 19(b), *i.e.*, whether the case should not in equity and good conscience proceed without them.  Here, the facts, law, and procedural status as a whole suggest that the Underlying Thibodeaux Plaintiffs are indispensable.  This is true for several reasons.  First, a decision in this case could substantially

reduce their ability to recover on their judgment against J.M. Drilling.  Second, it is impractical to shape a decision that would substantially lessen the risk of prejudice given the Underlying Thibodeaux Plaintiffs' absence from this suit.  Finally, because the same legal issues exist in the Louisiana Federal Action, Rockhill has an adequate remedy available despite the dismissal of the instant suit.  Accordingly, the Underlying Thibodeaux Plaintiffs are necessary and indispensable and this action must be dismissed.

## B.  The Court Should Decline to Exercise Subject Matter Jurisdiction over Rockhill's Declaratory Action.

The Declaratory Judgment Act (the "Act") provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  However, the Supreme Court has repeatedly emphasized the discretionary nature of the Act.  *Allstate v. Mercier*, 913 F.2d 273, 276 (6th Cir. 1990) (citing *Public Affairs Press v. Rickover*, 369 U.S. 111 (1962)). "The Declaratory Judgment Act [is] an authorization, not a command.  It [gives] the federal courts competence to make a declaration of rights; it [does] not impose a duty to do so."  *Allstate*, 913 F.2d at 276 (quoting *Public Affairs Press v. Rickover*, 369 U.S. 111 (1962)).

The Declaratory Judgment Act vests federal courts with substantial discretion in deciding whether to declare the rights of litigants.  *Liberty Mut. Fire Ins. Co. v. Bohms*, 490 Fed. Appx. 721 (6th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).  District courts are afforded broad discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and fitness of the case for resolution, are peculiarly within their grasp."  *Id.*  Even when all other jurisdictional requirements have been met, a district court is not required to exercise jurisdiction and may dismiss a declaratory judgment action.  *Wilton*, 515 U.S. at 286; *Encore Furniture Thrifts & More, LLC v. Doubletap, Inc.*, 281 F. Supp.3d 665, 668 (M.D. Tenn. 2017).

There are five factors weighing on the issue of whether a federal court should accept a declaratory judgment case: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Liberty Mut. Fire Ins. Co. v. Bohms*, 490 Fed. Appx. 721 (6th Cir. 2012) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)); *Omaha Property & Casualty Co. v. Johnson*, 923 F.2d 446, 447-48 (6th Cir. 1991); *Encore*, 281 F. Supp.3d at 668.

In this case, although Rockhill's proposed declaratory action might serve to clarify the parties' rights and obligations, a judgment in this action would not be binding on the Underlying Thibodeaux Plaintiffs because Rockhill did not join them as parties to this action and cannot do so because of this Court's lack of personal jurisdiction over them.  Thus, a declaratory judgment in this action would have little to no impact on the rights of the Underlying Thibodeaux Plaintiffs because the doctrine of res judicata would not apply.  Moreover, as noted above, there is a separate, parallel action pending in the Western District of Louisiana that includes both coercive components (J.M. Drilling's crossclaim against Rockhill for breach of contract) and declaratory components (the Underlying Thibodeaux Plaintiffs' original claims for declaratory relief).  In that case, every party that has an interest in this litigation is involved and has been properly served.  The precise and very issues brought before this Court by Rockhill are already at issue in the Louisiana Federal Action, the only difference being that all necessary parties are properly before that court and the fact that the Louisiana Federal Action also contains coercive claims.  If both

courts continued to exercise jurisdiction, different and inconsistent rulings could result, which would obviously create more issues than it would solve.  As a result, this Court should decline to exercise jurisdiction over this action, thereby leaving the matter to be decided by the federal court in the Western District of Louisiana.  There, all the interested parties are joined in the action and thus any declaratory judgment would be binding on all the parties, making it the more appropriate forum for resolution of this dispute.

### C.     The First-to-File Rule is Inapplicable to this Case.

Courts in the Sixth Circuit have recognized the "first-to-file rule" as a well-established doctrine that encourages comity among federal courts of equal rank.  *See, e.g., Encore*, 281 F. Supp.3d at 668.  The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment.  *Id.*; *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F App'x. 433, 437 (6th Cir. 2001); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F3d. 535, 551 (6th Cir. 2007); *Lexington Ins. Co. v. Lion Oil Co.*, 2014 U.S. Dist. LEXIS 5742, *14-15 (M.D. Tenn. Jan. 16, 2014).  However, the first-to-file rule is not a strict rule, and district courts have discretion to dispense with the first to file rule where equity so demands. *Certified Restoration*, 511 F.3d at 551-52; *Zide*, 16 F. App'x. at 437.  In fact, the first-to-file rule "much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment."  *See, e.g., Encore*, 281 F. Supp.3d at 668-69.

In determining whether the first-to- file rule warrants the invocation of the Court's discretion to transfer or otherwise dispose of a case, it may consider the following factors: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Lexington Ins. Co*, 2014 U.S. Dist. LEXIS 5742, at *15 (citing *SNMP Research,*

*Inc. v Avaya, Inc.,* 2013 U.S. Dist. LEXIS 16441, 2013 WL 474846, at *3 (E.D. Tenn. Feb. 7, 2013); *NCR Corp. v. First Fin. Computer Servs.,* 492 F. Supp. 2d 864, 866 (S.D. Ohio 2007)); *Plating Res. Inc. v. UTI Corp.,* 47 F. Supp. 2d 899, 903-904 (N.D. Ohio 1999). "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* Also, "[a] plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing." *Lexington Ins. Co,* 2014 U.S. Dist. LEXIS 5742, at *16-17; *Zide,* 16 F. App'x at 437; *see also Zimmer Enterps., Inc. v. Atlandia Imports, Inc.,* 478 F. Supp. 2d 983, 988 (S.D. Ohio 2007). Thus, "a suit brought purely in anticipation of a filing by the defendant in another forum should be dismissed." *Van Andel Inst. v. Thorne Research, Inc.,* 2012 U.S. Dist. LEXIS 162501, 2012 WL 5511912, at *2 (W.D. Mich. Nov. 14, 2012) (quoting *Kmart Corp. v. Key Indus.,* 877 F. Supp. 1048, 1053 (E.D. Mich. 1994)). When a federal court is presented with a duplicative suit, it may exercise jurisdiction to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit. *Smith,* 129 F.3d at 361.

The Sixth Circuit has held that the presumption in favor of the first-filed suit generally is reversed in declaratory judgment actions:

> [T]he first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment . . . . Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, *a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor the substantive suit.*

*Certified Restoration,* 511 F.3d at 551-52 (emphasis added) (quoting *AmSouth Bank,* 386 F.3d at 791 n.8); *see also UAW v. Dana Corp.,* 1999 U.S. Dist. LEXIS 22525, 1999 WL 33237054, at *6 (N.D. Ohio Dec. 6, 1999) (in applying the first-filed rule to a declaratory judgment action, "the real question for the court is not which action was commenced first but which will most fully serve

the needs and convenience of the parties and provide a comprehensive solution of the general conflict") (quoting Wright & Miller, FED. PRAC. & PROC. § 2758 [edition not specified in opinion]); *Clear!Blue, LLC v. Clear Blue, Inc.,* 521 F. Supp. 2d 612 (E.D. Mich. 2007) ("[C]oercive actions . . . should with few exceptions be given precedence over declaratory judgment actions, even when a declaratory judgment action presenting similar parties and issues is filed first."); *See, e.g., Encore,* 281 F. Supp.3d at 669 (same).  In fact, "[c]ases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *AmSouth Bank*, 386 F.3d at 781 n.8; *See, e.g., Encore,* 281 F. Supp.3d at 669; *Innomark Communs., LLC v. Marth*, 2016 U.S. Dist. LEXIS 160357 (S.D. Ohio Nov. 18, 2016).  Courts take a "dim view" of plaintiffs who filed their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.  *See, e.g., Encore,* 281 F. Supp.3d at 669.

The first to file rule should not be applied to this action because the subsequently filed Louisiana Federal Action is both a declaratory action filed by Rockhill and a coercive, substantive breach of contract action brought by J.M. Drilling.  Thus, the merits of the substantive claims will be resolved in the Louisiana Federal Action. Under these circumstances, courts have consistently held that the "first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *AmSouth Bank*, 386 F.3d at 781 n.8 (quoting UAW v. Dana Corp., 1999 U.S. Dist. LEXIS 22525, 1999 WL 33237054, at *6 (N.D. Ohio Dec. 6, 1999)).  Thus, Rockhill's current declaratory action should be dismissed, or in the alternative, stayed.

Also, the first to file rule does not apply and the current action should be dismissed because Rockhill brought this declaratory action purely in anticipation of a filing by another party in another forum. Rockhill commenced this action the Friday before the Monday trial in the Underlying Thibodeaux Lawsuit. The Underlying Thibodeaux Plaintiffs repeatedly placed Rockhill on notice that litigation would follow against it once a Judgment was obtained in the Lafayette suit in excess of the Admiral policy obligations. (*See* Ex. G, Thibodeaux Opposition to Rockhill Motion to Transfer Louisiana Federal Action, pdf. p. 12). The Court should be aware that this trial was held solely on the issue of damages as to the liability of J.M. Drilling and the verdict was likely to exceed Admiral's policy limits and cause J.M. Drilling to be exposed to an excess Judgment, but within the exposure limits of the Rockhill policy. Sixth Circuit cases have determined that in such a situation the prior declaration action should be dismissed. See *Van Andel Inst. v. Thorne Research, Inc.,* 2012 U.S. Dist. LEXIS 162501, 2012 WL 5511912, at *2 (W.D. Mich. Nov. 14, 2012) (quoting *Kmart Corp. v. Key Indus.*, 877 F. Supp. 1048, 1053 (E.D. Mich. 1994)).

In totality, the first to file rule does not give a plaintiff the ability to take a case that is being litigated in another state and unilaterally transfer the litigation to a state of its choosing. The original jurisdiction of the issues underlying this suit all occurred and commenced in Louisiana and that is where this coverage dispute should be litigated. The exact same issues that exist in this case are already being litigated in a coercive Louisiana federal court case and unlike this case, all the interested parties are parties to the Louisiana Federal Action. The first to file rule is not a weapon for Rockhill to use to cause confusion and prejudice, and thus the first to file rule should not be applied.

**D. In the Alternative of Dismissal, the Court Should Transfer this Case to be Heard with the Louisiana Federal Action or Stay the Case Pending the Outcome of the Louisiana Federal Action.**

In the alternative of dismissal, J.M. Drilling moves the Court in the alternative to transfer the case to the Western District of Louisiana to be heard with the Louisiana Federal Action, or to stay this pending the outcome of the Louisiana Federal Action.   The Court has broad discretion to fashion appropriate relief, but in this case a transfer or stay is unnecessary because all parties and issues are already squarely before the court in the Louisiana Federal Action.   Nonetheless, should the Court determine transfer or stay is appropriate in the interests of efficient justice, J.M. Drilling moves for such in the alternative of dismissal.

<u>**CONCLUSION**</u>

For the foregoing reasons J.M. Drilling requests that this Court dismiss Rockhill's declaratory action, or in the alternative, to transfer or stay the case.

Respectfully submitted,

**GILBERT McWHERTER
SCOTT & BOBBITT, PLC**

*s/ J. Brandon McWherter*
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd. Suite 230
Franklin, TN 37067
Tel: (615) 354-1144
Fax: (731) 664-1540

*Attorney for Defendant*

14

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 12th day of June, 2018.

Ronald T. Hill
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN  37902

*s/ J. Brandon McWherter*

15