UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN THIBODEAUX, AMY THIBODEAUX,                    No._____
GABRIELLE THIBODEAUX, AND EMILY
THIBODEAUX

Plaintiffs                                          Judge:_____

Vs.
                                                    Magistrate:_____
J.M. Drilling, LLC., Admiral
Insurance Company, Rockhill
Insurance Company, andBellsouth
Telecommunicitions, LLC.

Defendants

## COMPLAINT FOR DECLARTORY JUDGMENT

Now into Court, through undersigned counsel, come Plaintiffs,
John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily
Thibodeaux, all residents of the State of Louisiana, who, in their
Complaint for Declaratory Judgment, respectfully aver as follows:

### PARTIES

1.

J.M. DRILLING, LLC. is a corporation organized and existing
under the laws of the State of Tennessee with its principal place
of business in Jackson, Tennessee. J.M. DRILLING, LLC. does
business within the State of Louisiana. J.M. DRILLING, LLC can be
served through its registered agent of process, Tonya Kent, 66225
Highway 51, Fluker, Louisiana 70436.

2.

ADMIRAL INSURANCE COMPANY is a foreign insurance company licensed to do and doing business within the State of Louisiana. ADMIRAL INSURANCE COMPANY'S principal place of business is in New Jersey.  It can be served with process through its registered agent, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3.

ROCKHILL INSURANCE COMPANY is a foreign insurance company licensed to do and doing business within the State of Louisiana. ROCKHILL INSURANCE COMPANY'S principal place of business is in Arizona.  It can be served with process through its registered agent, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

4.

BELLSOUTH TELECOMMUNCIATIONS, LLC. is a foreign insurance company licensed to do and doing business within the State of Louisiana. BELLSOUTH'S principal place of business is in Georgia. It can be served through its registered agent of process, CT Corporation, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816.

## JURISDICTION AND VENUE

5.

This action is brought under the Federal Declaratory Judgment Action, 28 U.S.C. 2201, et seq.

6.

Plaintiffs seek a judgment declaring that Rockhill Insurance Company has coverage under an excess policy of insurance that it issued to J.M. Drilling, LLC. for the claims and damages brought in the Thibodeaux Lawsuit in the 15th Judicial District Court in Lafayette, Louisiana as further described below.

7.

There is complete diversity of citizenship between Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.00.

8.

Venue is proper in the United States District Court, Western District, Lafayette Division, since John Thibodeaux's accident occurred in Lafayette, Louisiana, and, further, the Thibodeaux lawsuit, jury verdict, and judgment are filed in the 15th Judicial District, Lafayette, Louisiana.

## FACTUAL BACKGROUND OF THIBODEAUX LAWSUIT

9.

John Thibodeaux and Amy Thibodeaux, Individually, and on behalf of their minor daughters, Gabrielle Thibodeaux and Emily Thibodeaux, filed a Petition for Damages in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, eventually styled "John Thibodeaux and Amy Thibodeaux, Individually, and on behalf of their minor daughter, Gabrielle Thibodeaux, and Emily Thibodeaux versus Gulfgate Construction, LLC., Milton Water System, Inc., Water & Wastewater Utilities, Inc., and J.M. Drilling, LLC." bearing Docket No. 2015-4167 (herein called Thibodeaux Lawsuit) asserting claims against J.M. Drilling, among others, arising out of injuries sustained by John Thibodeaux at 114 Meadow Gate in Lafayette Parish on June 9, 2015.  A true and accurate copy of the Petition for Damages filed on August 24, 2015 in the Thibodeaux Lawsuit is attached as Exhibit A.

10.

On October 8, 2015, Plaintiffs filed a First Amended and Supplemental Petition for Damages adding J.M. Drilling, LLC. as a defendant in the Thibodeaux Lawsuit and asserting claims against

J.M. Drilling, LLC.  A true and accurate copy of the First Amended Petition is attached as Exhibit B.

11.

On March 14, 2016, Plaintiffs filed a Second Amended and Supplemental Petition for Damages asserting further claims against J.M. Drilling.  A true and accurate copy of the Second Amended Petition is attached as Exhibit C.

12.

On August 5, 2016, Plaintiffs filed a Third Amended and Supplemental Petition for Damages which did not assert any additional claims against J.M. Drilling, LLC.  A true and accurate copy of the Third Amended Petition is attached as Exhibit D.

13.

On August 22, 2017, Plaintiffs filed a Fourth Amended and Supplemental Petition for Damages which asserted the following claims against J.M. Drilling, LLC., namely (1) J.M. Drilling, LLC. negligently pulled up and hooked the underground sewer force main at 114 Meadow Gate while digging with backhoe which caused the sewer force main to be pulled out of its connections upstream and downstream, (2) J.M. Drilling, LLC., negligently failed to contact the utility owner (Water & Wastewater) to fix the broken underground sewer force main before continuing any further work,

and (3) J.M. Drilling's negligence caused the underground void/cavern near AT & T PFP Box and AT & T Handhole 1 which, in turn, caused John Thibodeaux's accident on June 9, 2015.  A true and accurate copy of the Fourth Amended Petition is attached as Exhibit E.

14.

In the Original and Amended Petitions for Damages, John Thibodeaux asserts that he suffered severe and permanent injuries, and incurring past and future medical expenses.  John Thibodeaux also asserts he has suffered past lost wages, loss of future earning capacity, physical and mental pain and suffering, disability, and loss of enjoyment of life.  John Thibodeaux's wife (Amy) and two daughters (Gabrielle and Emily) filed loss of consortium claims.  Since filing the Original and Amending Petitions for Damages, Gabrielle Thibodeaux has become the age of majority.

15.

In January 2017, all defendants in the Thibodeaux Lawsuit, except J.M. Drilling, were dismissed via Motions for Summary Judgment on Liability.

16.

On March 21, 2018, Judge Jules Edwards of the 15th Judicial District Court in Lafayette executed Amended Judgment on the Rules (Amended Judgment) that granted Plaintiffs' Partial Motion for Summary Judgment on Liability against J.M. Drilling, LLC. and also granted Plaintiffs' Motion in Limine effectively finding no comparative fault against John Thibodeaux.  Judge Jules Edwards, in granting Plaintiffs' Motion for Summary Judgment on Liability, found J.M. Drilling is at fault for: (1) negligently striking the underground sewer force main at 114 Meadow Gate in February 2015, (2) negligently failing to contact the utility owner (Water & Wastewater) to have the broken underground sewer force main line fixed before continuing any further work, and (3) J.M. Drilling's negligence caused the underground void/cavern near AT & T PFP Box and AT & T Handhole 1 which, in turn, caused John Thibodeaux's accident on June 9, 2015.  A true and accurate copy of the Amended Judgment on Rules is attached as Exhibit F.

17.

Jury trial on the merits was held March 26, 2018 to March 29, 2018 before Judge Jules Edwards with 15th Judicial Court in Lafayette.  On March 29, 2018, the jury returned a verdict in favor of Plaintiffs as follows:

**JOHN THIBODEAUX**

Loss of Household Services                          $90,000.00

| | |
|---|---|
| Past Medical Expenses | $77,183.00 |
| Future Medical Expenses | $500,000.00 |
| Past Lost Wages | $205,935.00 |
| Loss of Future Earning Capacity | $2,275,000.00 |
| Physical Pain & Suffering (past and future) | $125,000.00 |
| Mental Pain & Suffering (past and future) | $120,000.00 |
| Loss of Enjoyment of Life | $20,000.00 |
| Disability | $125,000.00 |
| TOTAL | $3,538,118.00 |

**AMY THIBODEAUX**

| | |
|---|---|
| Loss of Consortium | $150,000.00 |

**GABRIELLE THIBODEAUX**

| | |
|---|---|
| Loss of Consortium | $10,000.00 |

**EMILY THIBODEAUX**

| | |
|---|---|
| Loss of Consortium | $0 |

A true and accurate copy of the Jury's Verdict Form dated March 29, 2018 is attached as Exhibit G.

18.

On April 6 2018, Judge Jules Edwards executed Judgment (Final Judgment) in favor of Plaintiffs and against Defendant, J.M. Drilling, LLC., for the amounts awarded by the jury on March 29, 2018. Further, Judge Edwards entered Judgment in favor of Bellsouth Telecommunications, LLC., Intervenor, against Defendant, J.M. Drilling, LLC. for the amount of worker's compensation benefits paid to John Thibodeaux through the date of jury trial in March 2018. Finally, all court costs were assessed against J.M.

Drilling.   A true and accurate copy of the Final Judgment is attached as Exhibit H.


## INSURANCE POLICIES ISSUED TO J.M. DRILLING, LLC.

19.

Admiral Insurance Company issued a primary commercial general liability insurance policy, policy number CA000019278-02, to J.M. Drilling, LLC. which was in effect on the date of John Thibodeaux's accident.   Admiral's primary limits are $1,000,000.00.   Admiral accepted coverage for the allegations in the Thibodeaux Lawsuit. Admiral retained Melvin Eiden of the law firm Rabalais & Hebert in Lafayette to defend its insured, J.M. Drilling, LLC.   A true and accurate certified copy of Admiral's policy is attached as Exhibit I.

20.

Rockhill Insurance Company issued a commercial follow form excess insurance policy, policy number FF013178-00, to J.M. Drilling, LLC. which was in effect on the date of John Thibodeaux's accident.   J.M. Drilling, LLC. paid premium of $25,475.00 for excess coverage of $5,000,000.00.   A true and accurate certified copy of excess policy of Rockhill Insurance Company is attached as Exhibit J.

21.

The Rockhill excess insurance policy specifically lists Admiral Insurance Company as the underlying primary insurer to the insured, J.M. Drilling, in the Schedule of Underlying Insurance.

22.

On Page 1 of 32 of the "Commercial Follow Form Policy", coverage is set forth as follows:

"**I.   INSURING AGREEMENT**

We, the Company, in return for the payment of the premium, agree with you, as follows:

   **A.**  Excess Following Form Liability Over Underlying Claims Made or Occurrence Coverage

We will pay, on behalf of the insured, the **ultimate net loss** in excess of the amount payable under the terms of the Underlying Insurance as stated in the Schedule of Underlying Insurance, that the insured becomes legally obligated to pay as damages because of injury or damage to which this insurance applies, but only after the Underlying Insurance has been exhausted by payment in full.

This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the Underlying Insurance except as otherwise provided in this policy; provided, however,

that in no event will this insurance apply unless the Underlying Insurance applies or would apply but for the exhaustion of its applicable Limit of Liability."

## COVERAGE UNDER BOTH PRIMARY AND EXCESS INSURANCE POLICIES

23.

J.M. Drilling's primary insurer, Admiral, accepted coverage and defended J.M. Drilling in the Thibodeaux Lawsuit in the 15th Judicial District Court in Lafayette, Louisiana.

24.

Judge Jules Edwards, via Plaintiffs' Motion for Summary Judgment on Liability, found J.M. Drilling to be at fault for (1) negligently striking the underground sewer force main at 114 Meadow Gate in February 2015, (2) negligently failing to contact the utility owner (Water & Wastewater) to have the broken underground sewer force main line fixed before continuing any further work, and (3) J.M. Drilling's negligence caused the underground void/cavern near the AT & T PFP Box and AT & T Handhole 1 which, in turn, caused John Thibodeaux's accident on June 9, 2015.

25.

On March 29, 2018, the jury returned a verdict finding that Plaintiffs suffered damages when John Thibodeaux suffered an accident at 114 Meadow Gate in Lafayette when the ground, suddenly

and without warning, gave way and John Thibodeaux fell into a hole adjacent to AT & T Handhole 1.


26.

Judge Jules Edwards found that J.M. Drilling was at fault for negligently striking the underground sewer force main line and for negligently failing to contact the utility owner to have the broken line fixed before continuing any further operations. J.M. Drilling's negligence of failing to contact the utility owner to have the broken underground sewer line fixed was the dominate and/or efficient cause of the loss, ie, it set the others in motion (underground sewer force main line leaked, which caused underground void/cavern, which caused John Thibodeaux's accident). Admiral accepted coverage under its primary policy. There is coverage under the excess policy of Rockhill since it is a "follow form" policy.

27.

Tennessee law (where the policy was issued) and Louisiana law (where the accident occurred, where plaintiffs live, and where the past damages occurred and future damages will occur) have the same efficient proximate cause doctrine on insurance coverage. Under the efficient proximate cause doctrine, a loss caused by two or

more causes is not excluded if the covered cause was the dominate and efficient cause of the loss.  The efficient proximate cause is the risk that sets the others in motion.  <u>Orleans Parish School Board v. Lexington Insurance Company</u>, 123 So.3d 787 (La.App. 4 Cir. 2013); <u>Clark v. Sputniks, LLC.</u>, 386 S.W.3d 431 (Tenn. 2012).

28.

On Page 1 of 32 of the Rockhill excess policy, the Rockhill policy is "subject to the same terms, conditions, agreements, exclusions and definitions as the Underlying Insurance except as other provided in this policy. . ."  The Admiral primary policy provides coverage for J.M. Drilling's negligence of striking the underground sewer force main and failing to contact the utility owner to have the broken line fixed before continuing operations. The Rockhill policy is a "follow form" excess policy, and, therefore, there is coverage.

29.

There are no exclusions in the Rockhill excess policy that exclude coverage for the efficient proximate cause of the accident: J.M. Drilling's negligence in striking the underground sewer force main line and failure to contact the utility owner to have the broken sewer force main line fixed before continuing further operations.

13

30.

Rockhill has alleged that the "Subsidence" exclusion on page 15 of 32 excludes coverage for J.M. Drilling's negligence as found by Judge Jules Edwards in the Amended Judgment on Rules. Plaintiffs assert that "subsidence" was not the efficient proximate cause of the accident. The "covered" risk that set the all others in motion (cave in and/or ground giving way) was J.M. Drilling's fault in striking the underground sewer force main and then failing to contact the utility owner to have the broken line fixed before continuing further operations.

31.

The "Subsidence" exclusion on page 15 of 32 of the Rockhill policy does not apply since it does not contain "anti-concurrent cause" language in the exclusion.  The "Fungi" exclusion on page 15 and the "Silica Dust" exclusion on page 16 have this "ACC" language as follows "regardless of whether any other cause, event, material, or product contributed concurrently or in any sequence to a claim for injury or damage."  Without this "ACC" language, the efficient proximate cause applies, and there is coverage for Plaintiffs' damages as contained in the jury verdict and Judge Jules Edwards Final Judgment.

32.

In the alternative, Plaintiffs assert that the "Subsidence" exclusion on page 15 of 32 of Rockhill's excess policy is ambiguous since it is susceptible to two or more reasonable interpretations. J.M. Drilling, is a company that engages in "earth movement", ie, bore hole drilling and digging.  Under Rockhill's unreasonable and strained interpretation of its excess policy, J.M. Drilling would have paid over $25,000.00 in premiums for no excess coverage since all of J.M. Drilling's operations involve earth movement.

## DECLARATORY RELIEF

33.

Plaintiffs seek a judicial determination that there is coverage under the Rockhill Insurance Company excess policy, policy number FF013178-00, issued to J.M. Drilling, LLC., for Plaintiffs' damages in excess of the $1,000,000.00 limits of the Admiral Insurance Company primary policy, policy number CA000019278-02, as contained in the Final Judgment (Exhibit F) of Judge Jules Edwards of the 15th Judicial District Court in the Thibodeaux Lawsuit.

Wherefore, Plaintiffs, John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux, pray:

A. That process be issued as required by law and that Defendants be served with copies of the Summons and Complaint for Declaratory Judgment,

B. For a declaration by this Honorable Court declaring the rights and obligations of the parties under the Rockhill Insurance Company "Commercial Follow Form Policy", Policy number FF013178-99, including, but not limited to, a judgment declaring that there is coverage under the Rockhill Insurance Company "Commercial Follow Form Policy" for the claims asserted in the Thibodeaux lawsuit and the Final Judgment executed by Judge Jules Edwards of the 15th Judicial District Court of Lafayette, Louisiana after jury returned with verdict on March 29, 2018,

C. For a declaration that all costs associated with this Complaint for Declaratory Relief be assesses against Rockhill Insurance Company, and

D. For such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted By,

/s/ Edward O. Taulbee, IV
Edward O. Taulbee, IV, LA Bar #12699
Christopher E. Taulbee, LA Bar #30753
100 Asma Blvd., Ste. 140
P.O. Box 2038
Lafayette, LA 70502-2038
Phone:    337-269-5005
Fax:      337-269-5096
Email: etaulbee@taulbeelaw.com

Attorney for plaintiffs, John Thibodeaux and
Amy  Thibodeaux,  Gabrielle  Thibodeaux,  and
Emily Thibodeaux

/s/ Max M. Menard
Max Michael Menard, LA Bar #22833
200 Church Street
P.O. Box 1196
Youngsville, LA 70592
Phone:  337-857-6123
Fax:  337-451-5707
Email: max@youngsvillelawyer.com

Attorney for plaintiffs, John Thibodeaux and
Amy  Thibodeaux,  Gabrielle  Thibodeaux,  and
Emily Thibodeaux