# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JOHN THIBODEAUX, AMY THIBODEAUX** | : | |
| **GABRIELLE THIBODEAUX, AND EMILY** | : | **Civil Action 6:18-00501** |
| **THIBODEAUX** | : | |
| | : | **Judge:** |
| **VERSUS** | : | |
| | : | |
| **J.M. DRILLING, LLC, ADMIRAL** | : | **Magistrate:** |
| **INSURANCE** | | |
| **COMPANY, ROCKHILL INSURANCE** | : | |
| **COMPANY, AND BELLSOUTH** | : | |
| **TELECOMMUNICATIONS, LLC** | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER

### MAY IN PLEASE THE COURT:

On March 26, 2018, Movers filed a complaint for declaratory judgment against J.M. Drilling, LLC. on the issue of excess insurance coverage and duty to defend in the United States District Court, Western District of Tennessee – Eastern Division, Case No. 1:18-CV-01050.[1] The above-captioned declaratory action was filed by Plaintiffs on April 12, 2018 following a judgment by the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, Docket No. C-20154167 B. In the state court lawsuit, Plaintiffs were granted a judgment against J.M. Drilling, LLC for the personal injuries of Plaintiff John Thibodeaux with the final judgment executed on April 6, 2018.

Rockhill Insurance Company avers that as the court of second-filing, this Honorable Court has the power to transfer the above-captioned matter to Tennessee to be decided by the court of first-filing as the issues are the same and the parties are substantially the same. Rockhill

---

[1] Exhibit A – Complaint for Declaratory Judgment.

also requests that this court stay these proceedings until the Tennessee court determines whether to accept the transfer and consolidate the cases.

## LAW AND ARGUMENT

Movers argue that a transfer of venue is warranted pursuant to 28 U.S.C. §1404. Under this article, a district court may transfer any civil action to any other district or division where it might have been brought. *28 U.S.C. 1404(a)*. Movers assert that the first-filed rule applies concerning venue and transfer is merited.

The first-to-file or first-filed doctrine is a discretionary rule which provides that when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *See Cadle Co. v. Whataburger of Alice, Inc.* 174 F.3d 599, 603 (5th Cir. 1999). "The rule rests on principles of comity and sound judicial administration" and is used by courts "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle,* 174 F.3d at 604.

The decision to apply the first-to-file rule hinges on two questions: "(1) are the two pending actions so duplicative or do they resolve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." *Damatize, Inc. v. Fidelty Brokerage Services, LLC*, 2004 WL 1683171, (E.D. Tex. 2004); *Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). However, in the Fifth District, *only the first issue is for the second-filed court to decide*, "[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to

proceed. *Cadle,* 174 F. 3d at 605-606 (quoting *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). *Emphasis added*. "Thus, once the second-filed court finds that the issues in the two suits might substantially overlap, the proper courts of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle,* 174 F. 3d at 606.

Here, the first-filed action occurred on March 26, 2018 by Movers filing a complaint for declaratory judgment in the Western District of Tennessee against the insured, J.M. Drilling, LLC. At the time of the first-filing, the personal injury lawsuit in Louisiana had not been decided. Also, despite four supplements and amendments to the original petition for damages by the Thibodeauxs in the state-court action, Rockhill was never added as a defendant. Instead, Plaintiffs waited until after the judgment against J.M. Drilling was finalized and after Rockhill filed their own declaratory action to file the above-captioned matter for a declaratory judgment.

It should be noted that Rockhill's choice of filing in Tennessee rests on the fact that J.M. Drilling is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Jackson, Tennessee. The contract of excess insurance coverage was entered into in Tennessee. Additionally, as mentioned above, at no point during the litigation was Rockhill included in the state-court personal injury lawsuit. At this point, the only 'contact' in Louisiana is the state-court judgment.

In order for this court to decide that the two declaratory actions are duplicative enough for transfer, we must look at the parties and the issues.

In the Tennessee action, the only parties are the Movers and their insured, J.M. Drilling, LLC. In the Louisiana action, the plaintiffs are the Thibodeauxs who brought the underlying

state-court action which has already been decided and the Defendants are the Movers, J.M. Drilling, LLC, the primary insurer, and the plaintiff's workers' compensation carrier. While first glance may appear that the parties are different, they are, in essentials, the same. The parties to the underlying contract of excess insurance are Rockhill and J.M. Drilling – not the Thibodeauxs, not the primary insurer, and not the workers' compensation carrier. While the non-contracting parties have a stake in the outcome, their involvement in the declaratory action is not mandatory or even warranted as a judgment on the Tennessee action will have the desired effect on the parties to the Louisiana action. Essentially, the parties are the same.

The issues of the two declaratory actions are exactly the same – does the insurance policy between Rockhill and J.M. Drilling provide coverage for the judgment in the state-court lawsuit.

The protocol for this court is clear – as the court of second filing, this court has the authority to transfer this action to the court of first-filing for the first court to decide which of the actions should proceed. Rockhill respectfully request that this Honorable Court do exactly that – transfer the action to Tennessee.

## **CONCLUSION**

The first-filed doctrine was created for this exact scenario – two duplicative actions in two different courts. The court charged with the decision as to which action should proceed is the first-filed court. Here, that court is Tennessee. Rockhill requests his Honorable Court to transfer the action to Tennessee and stay the Louisiana action until the Tennessee court decides how to proceed.

*Signature on following page.*

Respectfully Submitted:


PERKINS & ASSOCIATES, LLC:


By: ____/s/ Mark A. Perkins____
Mark A. Perkins, #18529
401 Market Street, Suite 900
Shreveport, LA 71101
Telephone: (318) 222-2426
Facsimile:  (318) 222-0458

ATTORNEY FOR ROCKHILL
INSURANCE COMPANY


<u>Certificate of Service</u>

     I hereby certify that on the 16th day of May 2018 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.


____/s/ Mark A. Perkins____
COUNSEL

Case 6:18-cv-00501-RRS-CBW Document 15-6 Filed 06/04/18 Page 6 of 32 PageID #: 2870

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN THIBODEAUX, AMY          CIVIL ACTION
THIBODEAUX, GABRIELLE
THIBODEAUX, AND EMILY
THIBODEAUX                  NO. 6:18-CV-00501-
UDJ-CBW

**VERSUS**

J.M. DRILLING, LLC., ADMIRAL
INSURANCE COMPANY, ROCKHILL
INSURANCE COMPANY, AND
BELLSOUTH TELECOMMUNICATIONS,
LLC

---

## OPPOSITION TO MOTION TO TRANSFER
### TABLE OF CONTENTS

I.    Summary of Arguments               p. 1

II.   Basic Facts                     p. 2

III. Law and Argument             p. 5

     A.     Tennessee Has No Jurisdiction    p. 5
            Over Thibodeaux Plaintiffs

     B.     No Substantial Overlap of Parties    p. 8
            And Issues

     C.     Compelling Circumstances Exception    p. 9
            To First File Rule

     D.     1404 Factors and Braintree Cases    p. 13

     E.     Dismissal of Tennessee Suit Under    p. 15
            Fed. R. Civ. P. 12(B)(7)

IV.   Conclusion                      p. 17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN THIBODEAUX, AMY             CIVIL ACTION
THIBODEAUX, GABRIELLE
THIBODEAUX, AND EMILY
THIBODEAUX                       NO. 6:18-CV-00501-UDJ-CBW

VERSUS

J.M. DRILLING, LLC., ADMIRAL
INSURANCE COMPANY, ROCKHILL
INSURANCE COMPANY, AND
BELLSOUTH TELECOMMUNICATIONS,
LLC

---

## OPPOSITION TO MOTION TO TRANSFER
### TABLE OF AUTHORITIES

**Federal Statute(s)**

*28 U.S.C.A. § 1404* . . . . . . . . . . . . . . . . . . . p. 13

**Federal Rules of Civil Procedure**

*Federal Rule of Civil Procedures, Rule 12(b)(7)* . . . . p. 15,16

*Federal Rule of Civil Procedure, Rule 19* . . . . . . . . p. 16

**Federal Case Law**

*909 Corp. v. Bolingbrook Police Pension Fund,* . . . . . p. 10,11
*741 F.Supp. 1290 (S.D. Tex. 1990)*

*Alonzo v. State, No. 02-2792, 2002 WL* . . . . . . . . . p. 16
*31654918 (E.D. La. 2002)*

*AmSouth Bank v. Dale, 386 F.3d 763* . . . . . . . . . . . p. 11
*(6th Cir. 2004)*

*Anheuser Busch Inc. v. Supreme Intel. Corp.,* . . . . . . p. 10
*167 F.3d 417 (8th Cir. 1999)*

*BASF Corp. v. Symington*, 50 F.3d 555  . . . . . . . . . . p. 11
(8th Cir. 1995)

*Bedrock Logistics, LLC. v. Braintree* . . . . . . . . . . p. 14
*Laboratories, Inc.*, No. 3:16-cv-2815-M
(N.D. Tex. 4/28/2017)

*Boateng v. General Dynamics Corp.*, . . . . . . . . . . p. 14
460 F.Supp.2d 270 (D. Mass. 2006)

*Boatmen's First National Bank of Kansas City v.* . . . . . p. 10
*Kansas City Public Employees Retirement System*,
57 F.3d 638 (8th Cir. 1995)

*Braintree Laboratories, Inc. v. Bedrock* . . . . . . . . p. 14
*Logistics, LLC.*, No. 16-11936-IT
(D.C. Mass. 12/8/2016)

*Continental Cas. Co. v. TLC Services, Inc.*, . . . . . . . p. 16
No. 14-1124, 2014 WL 7239329 (E.D. La. 2014)

*Johnson Bros. Corp. v. International* . . . . . . . . . p. 9,10
*Brotherhood of Painters*, 861 F.Supp.28
(M.D. La. 1994)

*NGS AM., v. Jefferson*, 218 F.3d 519 . . . . . . . . . . p. 11
(6th Cir. 2000)

*Northwest Airlines v. American Airlines*, . . . . . . . . p. 9
989 F.2d 1002 (8th Cir. 1993)

*Pittock v. Otis Elevator Company*, 8 F.3d 325 . . . . . . . p. 7
(6th Cir. 1993)

*Ranger Insurance Company v. United Housing* . . . . . . . p. 16
*of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974)

*Save Power Ltd. v. Syntek Fin. Corp.*, . . . . . . . . p. 7,8,9
121 F.3d 947 (5th Cir. 1997)

*Stack v. Whitney National Bank*, 789 F.Supp . . . . . . p. 9,10
753 (S.D. Miss. 1991), aff'd without op.,
958 F.2d 1078 (5th Cir. 1992)

*Tempco Elec. Heater Corp. v. Omega Eng'g*, . . . . . . . . p. 11
*Inc.*, 819 F.2d 746 (7th Cir. 1987)

*Texas Association of Realtors, Inc. v.* . . . . . . . . . . p. 7
*PDFiller, Inc., No. A-16-CA-1304-SS*
*(W.D. TX 8/31/2017)*

*The Cadle Company v. Whataburger of Alice,* . . . . . . . p. 6,8
*Inc., 174 F.3d 599 (5th Cir. 1999)*

*United States v. Costello, 809 F.Supp. 56* . . . . . . . . p. 6,7
*(E.D. Wi. 1992)*

*United States Risk Management v. U.S.* . . . . . . . . . p. 14
*Risk Insurance Group, Inc., 2012 WL 13001312*
*(E.D. La. 1/25/2012)*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| JOHN THIBODEAUX, AMY THIBODEAUX, GABRIELLE THIBODEAUX, AND EMILY THIBODEAUX | CIVIL ACTION |
| | NO. 6:18-CV-00501-UDJ-CBW |
| VERSUS | |
| J.M. DRILLING, LLC., ADMIRAL INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY, AND BELLSOUTH TELECOMMUNICATIONS, LLC | |

---

### OPPOSITION TO MOTION TO TRANSFER

Now into Court, through undersigned counsel, comes Plaintiffs, John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux, who, in response to Motion to Transfer filed by Rockhill Insurance Company, respectfully aver as follows:

### I. SUMMARY OF ARGUMENTS

1.   Tennessee court (first filed) has no jurisdiction over Thibodeaux Plaintiffs and, therefore, cannot make any determinations to transfer this case from Louisiana to Tennessee;

2.   There are "compelling circumstances" which provide exception to application of first filed rule:  Rockhill (excess insurer) "raced to the courthouse" in Tennessee knowing Thibodeaux Plaintiffs would file suit in Louisiana once Judgment was obtained in Louisiana civil damage case in an amount excess of J.M. Drilling's primary policy;

3.   There is no "substantial overlap" regarding the parties in these two pending actions and therefore the

1

Case 6:18-cv-01414-RRS-CBW Document 15-6 Filed 06/04/18 Page 6 of 22 PageID #: 2975

application of the first filed rule is not triggered since John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, Emily Thibodeaux, Admiral Insurance Company (primary insurer for J.M. Drilling), and Bellsouth Telecommunications (worker's compensation insurer) are not parties in the Tennessee action;

4.   There is no "substantial overlap" regarding the issues in these two pending actions and therefore the application of the first filed rule is not triggered since the Louisiana action involves different issues of enforcement of the Louisiana jury verdict, Admiral Insurance Company's recovery of a portion of the defense costs in the underlying Thibodeaux Plaintiffs' state damage suit, Rockhill's duty to defend J.M. Drilling, and Bellsouth's intervention for recovery of substantial indemnity and medical benefits paid to John Thibodeaux; and

5.   Tennessee action will be dismissed since Thibodeaux Plaintiffs, who are necessary and indispensable parties under Federal Rule of Civil Procedure 19, are not named as parties.

## II. BASIC FACTS

Plaintiff, John Thibodeaux, suffered injuries in an accident in Lafayette Parish, Louisiana on June 9, 2015. Thibodeaux, his wife (Amy) and two daughters (Gabrielle and Emily) filed suit in the 15th Judicial District Court for the Parish of Lafayette, Louisiana against J.M. Drilling in suit entitled "John Thibodeaux, et al vs. Gulfgate Construction, et al", Docket No. 2015-4167.

During discovery in that suit, all defendants were dismissed via Motions for Summary Judgment on Liability except J.M. Drilling, LLC. Prior to jury trial, Judge Jules Edwards granted Plaintiffs' motions finding:

Case 6:18-cv-01450-RRS-CBW Document 18 Filed 06/04/18 Page 12 of 22 PageID #: 295

1.  J.M. Drilling 100% at fault for the accident; and

2.  John Thibodeaux had no comparative fault.

Judge Jules Edwards, in granting Plaintiffs' Motion for Summary Judgment on Liability, found J.M. Drilling was at fault for:

1.  Negligently striking the underground sewer force main at 114 Meadow Gate in February 2015;

2.  Negligently failing to contact the utility owner (Water & Wastewater) to have the broken underground sewer force main line fixed before continuing any further work; and

3.  J.M. Drilling's negligence caused the underground void/cavern near AT & T PFP Box and AT & T Handhole 1 which, in turn, caused John Thibodeaux's accident on June 9, 2015.

Jury trial was held March 26-29, 2018 before Judge Edwards on damages only. On March 29, 2018, the jury returned a verdict in favor of Plaintiffs as follows:

**JOHN THIBODEAUX**

| | |
|---|---|
| Loss of Household Services | $90,000.00 |
| Past Medical Expenses | $77,183.00 |
| Future Medical Expenses | $500,000.00 |
| Past Lost Wages | $205,935.00 |
| Loss of Future Earning Capacity | $2,275,000.00 |
| Physical Pain & Suffering (past and future) | $125,000.00 |
| Mental Pain & Suffering (past and future) | $120,000.00 |
| Loss of Enjoyment of Life | $20,000.00 |
| Disability | $125,000.00 |
| TOTAL | $3,538,118.00 |

**AMY THIBODEAUX**

Loss of Consortium                                    $150,000.00

**GABRIELLE THIBODEAUX**

Loss of Consortium                                    $10,000.00

**EMILY THIBODEAUX**

Loss of Consortium                                    $0

J.M. Drilling was insured through primary liability policy ($1,000,000.00) with Admiral Insurance Company and excess follow form policy ($5,000,000.00) with Rockhill Insurance Company. Admiral Insurance Company accepted coverage and retained Mel Eiden with the law firm of Rabalais & Hebert in Lafayette to represent its insured, J.M. Drilling.

Rockhill sent certified correspondence to its insured, J.M. Drilling, on May 10, 2017 denying coverage for the Thibodeaux accident and lawsuit. (See Exhibit 1-A). In the months and weeks leading up to the March 2018 jury trial, Plaintiffs made several demands upon Rockhill to accept coverage and enter into reasonable settlement negotiations. (See Exhibit 1-C,E,F,G,H). Plaintiffs placed Rockhill on notice that litigation would be filed against Rockhill once Plaintiffs obtained a judgment in excess of Admiral's primary policy limits ($1,000,000.00). Three weeks before the state court jury trial, Rockhill advised that it had retained Lafayette attorney, Doug Gatz, to "monitor" the state court lawsuit/trial. (See Exhibit 1-I). At no time did Rockhill advise

4

it intended to file a Declaratory Judgment against its insured, J.M. Drilling, in Tennessee.

Just days before the state court jury trial in Lafayette, Louisiana, Rockhill, without prior notice, filed a Declaratory Judgment suit only against its insured, J.M. Drilling, in United States District Court for the Eastern District of Tennessee. Rockhill did not name the Thibodeaux Plaintiffs as parties in the Tennessee action, nor did Rockhill name Admiral (primary insurer for J.M. Drilling) and/or Bellsouth (worker's compensation insurer for John Thibodeaux's employer who filed Intervention in Lafayette, Louisiana suit). Rockhill's Declaratory Judgment Action in Tennessee is attached hereto as Exhibit 2.

Once Plaintiffs obtained Judgment against J.M. Drilling in excess of Admiral's primary policy, Plaintiffs filed this Declaratory Judgment suit against all necessary and indispensable parties before this Honorable Court. Plaintiffs did not have "standing" to bring this Declaratory Judgment suit until there was an executed Judgment for an amount in excess of Admiral's $1,000,000 primary policy.

### III. LAW AND ARGUMENT

#### A. TENNESSEE HAS NO JURISDICTION OVER THIBODEAUX PLAINTIFFS

Rockhill is requesting this Court to transfer this suit to Tennessee, which has no jurisdiction over the Thibodeaux Plaintiffs. The Thibodeaux Plaintiffs assert that the Tennessee

court cannot make any determinations to transfer this suit to Tennessee since Tennessee has no jurisdiction over the Thibodeaux Plaintiffs.

The Affidavit of John Thibodeaux attached hereto as Exhibit 3 establishes the following important facts:

1.  Thibodeaux Plaintiffs are life-long residents of south Louisiana,

2.  Thibodeaux Plaintiffs do now own any movable and/or immovable property in Tennessee,

3.  Thibodeaux Plaintiffs have never conducted any type of business in Tennessee, and
4.  Thibodeaux Plaintiffs have never been to Tennessee and/or do not have regular contacts within the state of Tennessee.

Whether the first filed court has jurisdiction over the Thibodeaux Plaintiffs is a factor to consider in applying the first to file rule. *The Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999). The second filed court can determine the first filed rule does not apply because of jurisdictional issues. *United States v. Costello*, 809 F.Supp. 56 (E.D. Wi. 1992).

In *Costello*, the second filed court refused to stay the proceedings in Wisconsin because of first filed suit in Minnesota. First, the court noted the issues and parties in the Minnesota action and Wisconsin action were similar, but not identical. Second, the court stated that Minnesota did not have jurisdiction

over a necessary and indispensable party. Importantly, the second filed court did not apply the first to file rule because:

> "Only this court can provide adequate relief to all parties because only this court has jurisdiction over all person's necessary for the resolution of this litigation."

*United States v. Costello*, 809 F.Supp. at 58.

Similar to *Costello*, the parties and issues are not the same in the Tennessee action and Louisiana action, and most importantly the Tennessee Court does not have personal jurisdiction over the necessary and indispensable parties, while this Court does have personal jurisdiction over **ALL** such parties.

In *Texas Association of Realtors, Inc. v. PDFiller, Inc.*, No. A-16-CA-1304-SS (W.D. TX 8/31/2017), the second filed court did not apply the first to file rule where the parties were different in the two suits, and, further, there were issues of whether the missing parties in the first filed suit could be made parties due to jurisdictional issues, citing, *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947 (5th Cir. 1997). Plaintiffs attach Texas Association of Realtors as Exhibit 4 to this Opposition Memorandum.

Rockhill wants the Tennessee court to make the final decision on whether this Louisiana action should be transferred to Tennessee. But, a transfer cannot be granted when the district court does not have jurisdiction over the relevant parties. *Pittock v. Otis Elevator Company*, 8 F.3d 325 (6th Cir. 1993).

Plaintiffs respectfully submit this case must remain with this court since the district court in Tennessee cannot make any ruling to transfer this case since it has no jurisdiction over the Thibodeaux Plaintiffs.

**B. NO SUBSTANTIAL OVERLAP OF PARTIES AND ISSUES**

Under the first to file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *The Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.2d 603 (5th Cir. 1999). The first to file rule is only applicable if there is "substantial overlap" in issues and parties. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947 (5th Cir. 1997).

There is no "substantial overlap" in parties between the Tennessee and Louisiana actions. In Tennessee, only J.M. Drilling (insured) is named as a defendant. The following Louisiana parties are not named in the Tennessee action: John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, Emily Thibodeaux, Admiral Insurance Company (primary insurer to J.M. Drilling) and Bellsouth Telecommunications (worker's compensation insurer for John Thibodeaux).

There are also different issues in Louisiana action. In Louisiana, Thibodeaux Plaintiffs are, in essence, requesting payment of state court judgment in excess of $4,000,000.00 (with legal interest). Further, it is anticipated that Admiral Insurance

Company will seek reimbursement for a portion of defense costs in the underlying state court damage case.  Further, the Louisiana action deals with Rockhill's duty to defend its insured, J.M. Drilling, and payment of Bellsouth's Intervention/Cross Claim regarding substantial worker's compensation indemnity and medical expenses paid to John Thibodeaux.

Therefore, Plaintiffs respectfully assert the first filed rule is not triggered and does not apply since there is no "substantial overlap" between the parties and issues in the Tennessee and Louisiana actions.

**C.   COMPELLING CIRCUMSTANCES EXCEPTION TO FIRST FILE RULE**

The Fifth Circuit generally follows the "first to file" rule in avoiding duplicative lawsuits filed in federal district courts. *Save Power Ltd. v. Syntek Finance Corp.,* 121 G.3d 947 (5th Cir. 1997).  However, that rule is not adhered to where compelling circumstances dictate the first action be dismissed rather than the second.  *Johnson Bros. Corp. v. International Brotherhood of Painters,* 861 F.Supp.28 (M.D. La. 1994), *Stack v. Whitney National Bank,* 789 F.Supp. 753 (S.D. Miss. 1991), aff'd without op., *958 F.2d 1078 (5th Cir. 1992)*.

There are two red flags that indicate the presence of compelling circumstances justifying the non-application of the first to file rule. *Northwest Airlines v. American Airlines,* 989 F.2d 1002 (8th Cir. 1993).  First, whether the "first" lawsuit was

filed in anticipation of suit in another forum. Id; *Anheuser Busch Inc. v. Supreme Intel. Corp.*, 167 F.3d 417 (8th Cir. 1999). Second, whether the "first" action was for declaratory relief rather than for damages or equitable relief. *Boatmen's First National Bank of Kansas City v. Kansas City Public Employees Retirement System*, 57 F.3d 638 (8th Cir. 1995).

In *909 Corp. v. Bolingbrook Police Pension Fund*, 741 F.Supp. 1290 (S.D. Tex. 1990), the court found compelling circumstances to overcome the first to file rule where the first filed action was for declaratory relief. The court noted that declaratory judgment should be dismissed if it was filed for the purposes of anticipating a trial of the same issues in a court of competent jurisdiction. The court's rationale was that the court cannot allow a party to secure a more favorable forum by filing an action for declaratory action when it has notice that the other party intends to file suit involving the same issues in a different forum.

Allowing a second filed suit to prevail over the first filed declaratory action is based on the rule, not that declaratory judgments are disfavored, but that actions brought purely in anticipation of another action are disfavored. *Johnson Bros. Corp. v. International Brotherhood of Painters*, supra; *Stack v. Whitney National Bank*, supra. The court must determine if the plaintiff

in the first filed suit filed the action as a "race to the courthouse." *909 Corp. v. Bolingbrook Police Pension Fund*, supra.

Courts take a dim view of declaratory plaintiffs who file their suit mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to do so for the purposes of acquiring a favorable forum. *AmSouth Bank v. Dale, 386 F.3d 763 (6th Cir. 2004)*. The Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the race to the courthouse. *NGS AM., v. Jefferson, 218 F.3d 519 (6th Cir. 2000)*.

Courts have disallowed this type of "procedural fencing" because it could frustrate a plaintiff's choice of forum and encourage forum shopping, races to the courthouse, needless litigation occasioning waste of judicial resources, delay in resolution of controversies, and misuse of judicial process to harass an opponent in litigation. *BASF Corp. v. Symington, 50 F.3d 555 (8th Cir. 1995)*. Declaratory actions founded exclusively on a defense to a state law claim should be dismissed as a tactical maneuver calculated to deny potential plaintiffs of their traditional right to choose the forum and time of suit. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746 (7th Cir. 1987)*.

In the present case, Plaintiffs sent correspondences to Rockhill on November 6, 2017 and November 28, 2017 advising:

(1)   Of jury trial date of March 26, 2018,

(2)   That liability was clear against its insured, J.M. Drilling,

(3)   Plaintiffs' damages were several million dollars in excess of Admiral's $1,000,000.00 primary policy, and

(4)   Placing Rockhill on Notice that there would be litigation by Plaintiffs against Rockhill after Judgment with excess liability on J.M. Drilling.  (See Exhibit 1).

On January 10, 2018, Plaintiffs sent a demand letter to J.M. Drilling and Rockhill with settlement demand of $6,000,000.00.  At that point, J.M. Drilling was the only remaining defendant since Louisiana Third Circuit Court of Appeals had upheld Judge Edwards' granting Summary Judgment in favor of Gulfgate Construction and Water & Wastewater.  (See Exhibit 1- C,E).

On February 21 and 23, 2018, Plaintiffs sent correspondences to Rockhill asserting there was coverage under the excess policy and made repeated requests for Rockhill to enter into reasonable settlement negotiations.  Plaintiffs also advised that Judge Edwards granted Summary Judgment finding that J.M. Drilling was 100% at fault and that John Thibodeaux had no comparative fault. Plaintiffs informed Rockhill that the Louisiana Supreme Court had denied J.M. Drilling's writ application regarding dismissal of Gulfgate Construction.  Plaintiffs also advised the jury trial was going forward as a first fixing on March 26, 2018 and that J.M. Drilling was the sole, remaining defendant.  (See Exhibit 1-G,H).

On March 7, 2018, less than three weeks before the state court jury trial, J.M. Drilling's counsel sent copy of e-mails from Rockhill where Rockhill advised that it had retained Lafayette attorney, Doug Gatz, to "monitor" the Lafayette suit. (See Exhibit 1-I). At that point, Rockhill knew the March 26, 2018 state court jury trial was going forward as a "damages only" trial. Rockhill also had knowledge that its insured, J.M. Drilling, was the sole, remaining defendant and that Plaintiffs' claims were well beyond Admiral's primary policy limits.

Rockhill engaged in "procedural fencing" and "race to the courthouse" by filing Declaratory Action in Tennessee only against its insured, J.M. Drilling, only days before the Thibodeaux state court lawsuit would proceed on the merits in Lafayette, Louisiana. Plaintiffs repeatedly placed Rockhill on notice that litigation would follow against it once Plaintiffs obtained Judgment in the Lafayette suit. Plaintiffs' Declaratory Action is in the same State (Louisiana) and Parish (Lafayette) where the Thibodeaux Plaintiffs' state court lawsuit was held. Further, Plaintiffs' Declaratory Action in this Court is more than Declaratory, ie, a finding of coverage would force Rockhill to have to pay the Lafayette judgment.

**D.  1404 FACTORS AND BRAINTREE CASES**

Exceptions to the first-filed rule apply when *28 U.S.C.A. § 1404* factors weigh in favor of giving priority to the second

13

action.  *United States Risk Management v. U.S. Risk Insurance Group, Inc.,* 2012 WL 13001312 (E.D. La. 1/25/2012).  Section 1404(a) states the rules for determining the priority of transfer to another district court.  Convenience factors include convenience of witnesses and evidence.  Id.  The convenience of witnesses is probably the most important factor to be consider under Section 1404 (a).  *Boateng v. General Dynamics Corp.,* 460 F.Supp.2d 270 (D. Mass. 2006).

The *Braintree* cases are insightful of how Section 1404 is applied as exception to first filed rule.  The *Braintree* cases are attached hereto as Exhibit 5.

In *Braintree Laboratories, Inc. v. Bedrock Logistics, LLC.,* No. 16-11936-IT (D.C. Mass. 12/8/2016),* the court in the second filed suit in Massachusetts found that the first filed rule did not apply when the first filed suit in Texas was a "race to the courthouse" and "procedural fencing."  The court in the second filed suit found it was better suited to hear the case since key witnesses and documents were in that state.  Subsequently, the court in the first filed suit in Texas transferred the case to Massachusetts based on Section 1404.  *Bedrock Logistics, LLC. v. Braintree Laboratories, Inc.,* No. 3:16-cv-2815-M (N.D. Tex. 4/28/2017).

Plaintiffs assert that all the witnesses and evidence crucial as to how the accident happened and liability (coverage

14

determination) are in Louisiana, not Tennessee. All of the witnesses that Plaintiffs requested trial subpoenas for the March 26, 2018 jury trial were in Louisiana. (See Exhibit 1-K). The only connection with Tennessee is that is where Rockhill Insurance Company delivered its excess policy to J.M. Drilling. But, the accident happened in Louisiana, the Plaintiffs reside in Louisiana, the damages occurred in Louisiana, and the facts, evidence, and relevant witnesses regarding the underlying liability/coverage issues at the heart of this Declaratory Actions are ALL in Louisiana.

**E.   DISMISSAL OF TENNESSEE SUIT UNDER FED. R. CIV. P. 12(B)(7)**

Rockhill was aware that Plaintiffs' state court suit was going forward against its insured, J.M. Drilling, at the 15th Judicial District Court in Lafayette on March 26, 2018. Plaintiffs made clear to Rockhill that Plaintiffs' damages were well in excess of Admiral's $1,000,000 policy limits. On March 29, 2018, the jury returned a total verdict against J.M. Drilling for $3,698,118.00 plus legal interest.

Rockhill "rushed to the courthouse" in Tennessee to file a Declaratory Judgment action against its insured, J.M. Drilling, only. Only days after that filing, Plaintiffs obtained a jury verdict and signed Judgment of $$3,698,118.00 plus legal interst against Rockhill's insured, J.M. Drilling. Clearly, Plaintiffs have a significant interest in the Rockhill coverage issue.

*Federal Rule of Civil Procedure,* 12 (b) (7) authorizes a motion to dismiss for failure to join required parties in accordance with *Rule 19.* A party is indispensable under *Federal Rule of Civil Procedure Rule 19* if, as a matter of equity, the court finds that the lawsuit cannot proceed without the absent party.

In *Ranger Insurance Company v. United Housing of New Mexico, Inc., 488 F.2d 682 (5ᵗʰ Cir. 1974),* the **fifth circuit held that insurer, insured, and any third party with a claim against the insured are all indispensable parties in a declaratory judgment action.** See also *Continental Cas. Co. v. TLC Services, Inc., No. 14-1124, 2014 WL 7239329 (E.D. La. 2014)* [third party claimants are proper parties to declaratory judgment actions because they would be prejudiced if not joined]; *Alonzo v. State, No. 02-2792, 2002 WL 31654918 (E.D. La. 2002)* [the claimant, insured, and the insurer are all indispensable parties in actions which seek to determine whether an insurer is liable for judgments rendered against its insured in favor of a claimant].

J.M. Drilling has filed a Motion to Dismiss the Tennessee action since Rockhill did not and could not (jurisdiction issues) name Thibodeaux Plaintiffs as parties to that suit. J.M. Drilling has also filed a Motion to Transfer Tennessee action to this court in Louisiana. Please find J.M. Drilling's Motions in Tennessee suit attached hereto as Exhibit 6. **Only this Louisiana court has**

jurisdiction over all the necessary and indispensable parties (Thibodeaux Plaintiffs, the insured, J.M. Drilling, primary insurer, Admiral, excess insurer, Rockhill, and worker's compensation insurer, Sedgwick).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs request that this Honorable Court deny the Motion to Transfer and request to stay filed by Rockhill Insurance Company. Further, Plaintiffs request that all costs associated with Rockhill's Motion to Transfer be assessed against Rockhill Insurance Company.

AND FOR ALL OTHER GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully Submitted By,

/s/ Edward O. Taulbee, IV
Edward O. Taulbee, IV, LA Bar #12699
Christopher E. Taulbee, LA Bar #30753
100 Asma Blvd., Ste. 140
P.O. Box 2038
Lafayette, LA 70502-2038
Phone:    337-269-5005
Fax:      337-269-5096
Email: etaulbee@taulbeelaw.com

Attorney for Plaintiffs, John Thibodeaux and Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux

/s/ Max M. Menard
Max Michael Menard, LA Bar #22833
200 Church Street
P.O. Box 1196
Youngsville, LA 70592
Phone:  337-857-6123
Fax:  337-451-5707
Email: max@youngsvillelawyer.com

Attorney for Plaintiffs, John Thibodeaux and
Amy Thibodeaux, Gabrielle Thibodeaux, and
Emily Thibodeaux

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has

this day been electronically mailed to all counsel of record.

Lafayette, Louisiana, this _____ day of June 2018.

/s/ Edward O. Taulbee
EDWARD O. TAULBEE, IV –#12669

# UNITED STATES DISTRICT COURT

## FOR THE

## WESTERN DISTRICT OF LOUISIANA

JOHN THIBODEAUX ET AL        CIVIL ACTION NO: 6:18-CV-00501

VERSUS

                    JUDGE _____

J. M. DRILLING LLC, ET AL

                    MAGISTRATE WHITEHURST

---

## OPPOSITION TO ROCKHILL'S MOTION TO TRANSFER

---

NOW INTO COURT, through undersigned counsel, comes defendant, **J. M. Drilling, LLC,** who opposes the Motion to Transfer filed by Rockhill Insurance Company for the following reasons:

1.

In an effort to promote judicial economy, J. M. Drilling, LLC hereby adopts in full the arguments sets forth by John Thibodeaux, et al in their Opposition to Rockhill's Motion to Transfer.

2.

Additionally, J. M. Drilling, LLC desires to inform this Court that it will be filing a Motion to Dismiss, Transfer or Stay the Declaratory Judgment action that is currently pending in the federal court for the Western District of Tennessee, based in part that Rockhill has failed to join Thibodeaux as a necessary and/or indispensable party under F.R.C.P. Rules 12 (b) (7) and 19.

3.

Further, in this instant action, J.M. Drilling LLC has asserted cross claims against Rockhill Insurance Company for breach of contract and for acting in bad faith toward its insured under the common law of Tennessee, thereby providing additional reasons why the First to File Rule should not apply in the instant case.  (See *Certified Restoration Dry Cleaning Network LLC v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007).

4.

The Declaratory Judgment Act is not a prize to the winner of the race to the courthouse. Thus, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in a coercive action militates in favor of dismissing the declaratory judgment action.  *Encore Furniture Thrifts & More, LLC v. DoubleTap, Inc.* (3:16-cv-02846, M.D. Tenn., 2017).   As pointed out by Thibodeaux, Rockhill's "race to the courthouse" on the Friday before the Monday when the underlying trial commenced, was a blatant attempt by Rockhill to gain a procedural advantage and was made with the full knowledge by Rockhill that Thibodeaux was preparing to file an action in the federal court in Louisiana once they received a Judgment in excess of the Admiral policy obligations.  This Court should be aware that the underlying trial was held solely on the issue of damages as the issue of the liability of J. M. Drilling, LLC had been previously decided by the state trial court. Thus, even a totally favorable verdict in favor of J. M. Drilling, LLC was virtually certain to exceed Admiral's policy limits and cause J. M. Drilling LLC to be exposed to an excess Judgment but one within the exposure limits of the Rockhill policy.

## CONCLUSION

J. M. Drilling, LLC joins in the Thibodeaux Opposition to Rockhill's Motion to Transfer

and moves this Court to deny the Rockhill Motion as Rockhill should not be rewarded for this

blatant attempt at forum shopping.

Respectfully submitted:

**RABALAIS & HEBERT**

*s/ Melvin A. Eiden*

_____

**MELVIN A. EIDEN (#19557) TA**
**BLAKE T. COUVILLION (#37443)**
**701 Robley Dr., Suite 210**
Lafayette, Louisiana 70503
(337) 981-0309
**ATTORNEY FOR DEFENDANT,**
**J. M. DRILLING, LLC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been

forwarded as follows:

| | |
|---|---|
| --- | U.S. Mail (First Class) |
| --- | Hand Delivery |
| --- | Facsimile |
| --- | Overnight Delivery |
| X | E-Mail – All Known Counsel |

Lafayette, Louisiana on this 6th day of June, 2018.

*s/ Melvin A. Eiden*

_____

**MELVIN A. EIDEN**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JOHN THIBODEAUX, AMY THIBODEAUX GABRIELLE THIBODEAUX, AND EMILY THIBODEAUX | * * * * | CIVIL ACTION |
| Plaintiffs | * * | NO. 6:18-CV-00501-UDJ-CBW |
| VERSUS | * * | |
| J.M. DRILLING, LLC, ADMIRAL INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY and BELLSOUTH TELECOMMUNICATIONS, LLC | * * * * | |
| Defendants | * | |

*********************************************************************************

## MEMORANDUM OF INTERVENOR, CLAIMANT IN CROSS CLAIM, AND CLAIMANT IN COUNTER CLAIM, IN OPPOSITION TO MOTION TO TRANSFER

NOW INTO COURT, through undersigned counsel, comes defendant, claimant in cross claim and claimant in counter claim, BELLSOUTH TELECOMMUNICATIONS, LLC, who in response to the Motion to Transfer filed by defendant, Rockhill Insurance Company (Rockhill), adopts and incorporates herein by reference the "Opposition to Motion to Transfer" filed by plaintiffs, John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux and Emily Thibodeaux.

For the reasons set forth therein, BellSouth Telecommunications, LLC, respectfully submits that Rockhill's Motion to Transfer and request for stay be denied.

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, via fax and/or email and/or U.S. Mail, properly addressed on June 5, 2018.

PIERRE M. LEGRAND

Respectfully submitted,

LEGRAND LAW FIRM, L.L.C.

Pierre M. Legrand (# 20921)
Leah R. Rhodes (#30827)
3939 N. Causeway Boulevard
Suite 204
Metairie, LA 70002
Telephone: 504/304-9499 ext. 1003
Fax:          504/304-9513
Email:  plegrand@legrandlawfirm.net
Email:  lrhodes@legrandlawfirm.net
Attorneys for Defendant, Counter Claimant,
Cross Claimant, BELLSOUTH
TELECOMMUNICATIONS, LLC