UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN THIBODEAUX ET AL** | CIVIL ACTION NO: 6:18-CV-00501 |
| **VERSUS** | JUDGE _____ |
| **J. M. DRILLING LLC, ET AL** | |
| | MAGISTRATE WHITEHURST |

**ANSWER TO COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes defendant, J. M. Drilling LLC, who responds to the Complaint for Damages for Declaratory Judgment filed by John Thibodeaux, et al in the following manner to-wit:

1.

The allegations contained in Paragraph 1 are admitted.

2.

The allegations contained in Paragraph 2 are admitted.

3.

The allegations contained in Paragraph 3 are admitted.

4.

The allegations contained in Paragraph 4 are admitted.

5.

The allegations contained in Paragraph 5 are admitted.

6.

The allegations contained in Paragraph 6 are admitted.

7.

The allegations contained in Paragraph 7 are admitted.

8.

The allegations contained in Paragraph 8 are admitted.

9.

The allegations contained in paragraph 9 are admitted.

10.

The allegations contained in Paragraph 10 are admitted.

11.

The allegations contained in paragraph 11 are admitted.

12.

The allegations contained in paragraph 12 are admitted.

13.

The allegations contained in Paragraph 13 are admitted to the extent that this paragraph sets forth the allegations of Plaintiffs contained in the Fourth Supplemental and Amending Petition.

14.

The allegations contained in paragraph 14 are admitted.

15.

The allegations contained in paragraph 15 are admitted.

16.

The allegations contained in paragraph 16 are admitted to the extent that it accurately states the rulings of the state trial court.

17.

The allegations contained in paragraph 17 are admitted to the extent that it accurately states the jury's verdict.

18.

The allegations contained in paragraph 18 are admitted to the extent that it accurately states that the state trial court executed a Judgment incorporating the jury's findings.

19.

The allegations contained in paragraph 19 are admitted.

20.

The allegations contained in paragraph 20 are admitted.

21.

The allegations contained in paragraph 21 are admitted.

22.

The allegations contained in paragraph 22 are admitted.

23.

The allegations contained in paragraph 23 are admitted.

24.

The allegations contained in paragraph 24 are admitted to the extent that it sets forth the factual findings of the state court judge.

25.

The allegations contained in paragraph 25 are admitted.

26.

The allegations contained in paragraph 26 are admitted.

27.

The allegations contained in paragraph 27 are admitted.

28.

The allegations contained in paragraph 28 are admitted.

29.

The allegations contained in paragraph 29 are admitted to the extent that there are no exclusions in the Rockhill excess policy that excludes coverage to J. M. Drilling LLC for the allegations of plaintiffs or that excludes coverage to J. M. Drilling LLC for the findings of the trial court.

30.

The allegations contained in paragraph 30 are admitted to the extent that the "subsidence exclusion" does not apply to preclude coverage to J. M. Drilling LLC pursuant to the allegations of the Plaintiffs and the findings made in the trial court.

31.

The allegations contained in paragraph 31 are admitted.

32.

The allegations contained in paragraph 32 are admitted.

33.

The allegations contained in paragraph 33 are admitted.

## CROSS-CLAIM

NOW, assuming the position of Cross Claimant, defendant J. M. Drilling, LLC further avers as follows:

1.

Made Defendant in Cross Claim is:

> Rockhill Insurance Company, a foreign insurance company authorized to and doing business in the State of Louisiana that issued an excess commercial general liability policy to J. M. Drilling LLC.

2.

Rockhill Insurance Company issued an excess Commercial Follow Form Policy, policy number FF013178 in favor of defendant/third party plaintiff J. M. Drilling LLC that was in full force and effect on June 9, 2015, the date of the alleged accident from which original state court plaintiffs John Thibodeaux, et al claim injuries and damages..

3.

The Rockhill policy is excess to an Admiral Insurance Company Commercial General Liability policy issued in favor of J. M. Drilling LLC, number CA 00001927801, that was in full force and effect at the time of the alleged injury to John Thibodeaux and which contains primary limits of one million dollars per occurrence.

4.

The Rockhill policy contains limits of $5 million per occurrence and for which coverage J. M. Drilling LLC paid premiums in excess of $25,000.00.

5.

The Insuring Agreement contained in the Rockhill policy provides that Rockhill will pay the ultimate net loss in excess of the amount payable under the Admiral policy that the insured

becomes legally obligated to pay as damages because of injury to which this insurance applies once the Admiral policy obligations have been exhausted by payment in full.

6.

Original Plaintiffs, John Thibodeaux, et al, initially filed suit on August 24, 2015, alleging injuries as a result of the negligence of several parties, but not including **J**. M. Drilling LLC.

7.

On October 8, 2015, Thibodeaux amended the lawsuit to name J. M. Drilling LLC as a defendant, alleging that the negligence of J. M. Drilling LLC contributed to or caused his injuries.

8.

Thibodeaux's Second Amended Petition, filed on March 14, 2016, alleges that J. M. Drilling LLC was negligent for (1) hitting the sewer line pipe with a backhoe and breaking it; (2) failing to notify the owner that the pipe was broke and (3) failing to have the pipe fixed. The alleged omissions/acts of negligence set the other alleged causes into operation (i.e., the cavern forming where Thibodeaux stepped and the ground giving way).

9.

On behalf of its insured, J. M. Drilling LLC, Admiral Insurance Company has been defending against the claims of John Thibodeaux since J. M. Drilling LLC was made a defendant on October 8, 2015.

10.

On January 30, 2017, Plaintiff John Thibodeaux submitted information to J. M. Drilling LLC and Admiral Insurance Company that he was seeking a lost wage claim that alone was in excess of the Admiral limits.

11.

Upon receiving the information from Plaintiff John Thibodeaux concerning his alleged lost wage claim, J. M. Drilling LLC and/or Admiral Insurance Company put Rockhill on notice of its potential exposure as an excess insurer and demanded that Rockhill acknowledge coverage to J. M. Drilling LLC under its excess policy.

12.

Despite repeated requests from both J.M. Drilling LLC and the Thibodeaux's that Rockhill provide coverage to J. M. Drilling LLC in its capacity as an excess insurer of J. M. Drilling LLC, Rockhill has declined to accept coverage to J. M. Drilling LLC for the claims of John Thibodeaux.

13.

On August 22, 2017, John Thibodeaux filed a Fourth Supplemental and Amending Petition. Contained in this Fourth Amended Petition are allegations that J. M. Drilling LLC failed to stop work and notify the owner of the sewer pipe after they negligently struck and dislodged the pipe. These allegations constitute an additional basis for coverage under the Rockhill policy issued to J. M. Drilling LLC.

14.

After receiving a copy of the Fourth Supplemental and Amending Petition and another request for coverage by J. M. Drilling LLC under its policy, Rockhill once again declined to accept coverage.

15.

Admiral Insurance Company has accepted coverage in favor of J.M. Drilling LLC and has defended J.M. Drilling LLC throughout the pendency of the state court personal injury suit brought by Mr. Thibodeaux et al.

16.

On April 6, 2018, a Judgment was entered in which J.M. Drilling LLC was cast for damages in the amount of $ 3,698,118.00, an amount in excess of the limits of the policy issued by Admiral but within the policy limits of Rockhill Insurance policy issued to J.M. Drilling (the "Thibodeax Judgment").

17.

The Rockhill policy expressly provides that Rockhill is obligated to pay on behalf of J.M. Drilling LLC, the amounts of the April 6, 2018 Judgment which is in excess of the Admiral policy obligation.

18.

Upon information and belief, Admiral Insurance Company will shortly fulfill all its payment obligations under the policy it issued to J.M. Drilling, LLC, thus triggering the obligation of Rockhill Insurance Company to assume the defense of J.M. Drilling LLC in the underlying Thibodeaux state court tort suit, including all defense costs associated with any appeal of the state court judgment.

19.

J. M. Drilling LLC asserts that Rockhill Insurance Company has materially breached its contract with J. M. Drilling LLC by failing and refusing to acknowledge coverage to J. M. Drilling LLC under the clear terms of the insurance policy issued by Rockhill to J. M. Drilling LLC.

20.

Rockhill's breach of its contract with J.M. Drilling LLC was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, Rockhill intentionally, fraudulently, maliciously, and/or recklessly: (1) failed and refused to provide insurance coverage to J.M. Drilling LLC for the Thibodeaux Judgment; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding J.M. Drilling LLC's claim for insurance proceeds; (3) unjustly refused and/or failed to fully honor its obligations to J.M. Drilling LLC for Rockhill's own financial preservation with no reasonable or justifiable basis; (4) failed to treat J.M. Drilling LLC's interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide the services and benefits it promised; (6) took unreasonable coverage positions to avoid liability when such positions were, and are, contrary to the law and the facts; and (7) such other facts as described elsewhere in this Complaint, to be determined during discovery, and to be shown at trial. Rockhill Insurance Company knew, or reasonably should have known, that J.M. Drilling LLC was justifiably relying on the money and benefits to which it was entitled under the terms of the Rockhill insurance policy. Nevertheless, acting with conscious disregard for J.M. Drilling LLC's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on J.M. Drilling LLC, Rockhill Insurance Company consciously denied J.M.

Drilling LLC's valid claim and withheld money and benefits due J.M. Drilling LLC. J.M. Drilling LLC seeks, and is entitled to, punitive damages.

21.

J. M. Drilling LLC asserts that Rockhill Insurance company has acted in bad faith under the applicable common law of the State of Tennessee towards its insured, J.M. Drilling LLC, and that J.M. Drilling LLC is entitled to just compensation, including attorney fees, for Rockhill's bad faith.

22.

J. M. Drilling LLC joins in, and seeks a judicial determination of declaratory relief, that there is coverage under the Rockhill policy providing coverage to J. M. Drilling LLC for the accident and claims at issue and that Rockhill Insurance Company thus has the obligation to pay the amounts of the April 6, 2018 Judgment awarded in favor of John Thibodeaux, et al and against J. M. Drilling LLC that exceeds the policy obligations contained in the Admiral primary policy plus applicable judicial interest and defense costs.

WHEREFORE, defendant, J. M. Drilling LLC prays that this Answer be deemed to be good and sufficient, and that after due proceedings had, there be declaratory judgment in favor of J. M. Drilling LLC, recognizing the existence of coverage under the Rockhill policy for the liability of J. M. Drilling LLC to John Thibodeaux et al, that are in excess of the Admiral policy obligation, including the obligation of Rckhill Insurance Company to assume the defense of J.M. Drilling LLC once Admiral has fulfilled its payment obligations under the its primary policy..

J. M. Drilling LLC further prays that this Court find that Rockhill Insurance Company acted in bad faith and/or breached its contract with J. M. Drilling LLC, entitling J. M Drilling

LLC to compensatory damages, punitive damages and attorney fees.

Respectfully submitted:

**RABALAIS & HEBERT**

*s/ Melvin A. Eiden*

---

**MELVIN A. EIDEN (#19557) TA**
**BLAKE T. COUVILLION (#37443)**
701 Robley Dr., Suite 210
Lafayette, Louisiana 70503
(337) 981-0309
**ATTORNEY FOR DEFENDANT,**
**J. M. DRILLING LLC.**

<u><b>CERTIFICATE OF SERVICE</b></u>

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded as follows:

| | |
|---|---|
| --- | U.S. Mail (First Class) |
| --- | Hand Delivery |
| --- | Facsimile |
| --- | Overnight Delivery |
| X | E-Mail – All Known Counsel |

Lafayette, Louisiana on this 5th day of June, 2018.

*s/ Melvin A. Eiden*

---

**MELVIN A. EIDEN**